Tilghman C. J.
delivered the opinion of the Court.
After stating the facts, he proceeded as follows:
The plaintiffs below contend, that Isabella was entitled to a child’s part of her father, William. Strain's, estate of which part her husband, William Sponsler, was seised in her right, notwithstanding the order of the Orphan’s Court, by which it was given to him, his heirs and assigns. But the plaintiffs make no claim to any part of the land assigned by the Orphan’s Court to Sponsler, beyond that which descended to his wife as one of the heirs of her father ; so that there is no attempt to disturb his title to any land which he has paid for. The only question is, therefore, whether the Orphan’s Court had power to vest in .Sponsler, for his own use, his wife’s estate, which descended to her from her father. If the Court had no such power, the plaintiffs are entitled to recover ; because, in that case, the right of Sponsler ceased on the death of his wife. He would not be entitled to an estate by the curtesey, never having had issue by his wife.
By the act of 19th April, 1794, the real estate of an'intestate is to be equally divided among his children ; and the Orphan’s Court is authorised to have partition made ; but if the estate will not bear a division into as many parts as there are children, it ik to be divided into as many parts as shall be convenient, which are to be appraised, and allotted by the Court to some of the children, in the manner prescribed by *271 the act. In such cases, some of the children will have no land, and those who take the land are to pay, or secure to be paid, to them, their proportion of the appraised value. There is not a word in this act of any allotment of land to the has-band of a daughter of an intestate—the husband is not even , , , , mentioned. Still, when the Court has ordered the estate to be vested in the husband, and he has paid, or.secured to be paid, to the children fother than his wife J their proportions of the appraised value, there will be neither injustice nor inconvenience in his holding, in his own right, as much as he has paid for. But there would be manifest injustice in taking from the wife, and vesting in the husband, her portion of her father’s estate for which he has paid nothing. There is not a trace of any such intent to be found in the act of assembly ; anc! it is surprising that the Orphan’s Court should have conceived they had power to make this transfer of the wife’s estate. It is not the first time we have had this subject before us. I think it was decided, in principle, in the case of Blocher v. Carmony, (1 Serg. & Rawle, 460.) There, it is true, the Orphan’s Court had ordered the estate to the husband, although he was to pay nothing to the other children— it was something stronger than the case before us. But as to that part of the land for which Sponsler paid nothing (the pai-t which belonged to his wife) the present case, and Blocher v. Carmony, are, in principle, the same. The defendant, Fogelsonger, although a purchaser for valuable consideration, can be in no better condition than Sponsler, from whom he purchased. The title was to be found among the records of Orphan’s Court, of which he was bound to take notice. Indeed Sponsler had no other title to shew. The plaintiff in error has objected to the mode of annulling a decree of the Orphan’s Court, in an action of ejectment; but I consider the law on that subject to be settled by long practice, and express decisions. The cases of Messinger v. Kintner, (4 Bin. 97.) and Snyder v. Snyder, (6 Bin. 490.) are directly in point.
, I am of opinion, that there is no error in this record, and .therefore, the judgment should be affirmed.
Judgment affirmed.